United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 12, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-20204
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DWAYNE REGINALD PATTERSON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-783-2
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Dwayne Reginald Patterson has appealed his jury convictions for conspiracy to possess stolen microprocessors and five individual counts of possession of stolen microprocessors in violation of 18 U.S.C. §§ 371 and 2315. Patterson contends that the Government failed to prove that he knew that the microprocessors were stolen. Contrary to Patterson's assertion, the evidence does not give "equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

crime charged." United States v. Jaramillo, 42 F.3d 920, 923 (5th Cir. 1995). Viewing the evidence in the light most favorable to the Government, we hold that the evidence was sufficient to enable a reasonable juror to find that the Government had proved beyond a reasonable doubt that Patterson participated in the conspiracy to sell stolen microprocessors and had possessed those microprocessors knowing that the microprocessors were stolen. See United States v. Bell, 678 F.2d 547, 549 (5th Cir. Unit B 1982) (en banc), aff'd on other grounds, 462 U.S. 356 (1983); see also Jackson v. Virginia, 443 U.S. 307, 319 (1979).

AFFIRMED.